LAURA LOUISE TODD, Individually and as Administratrix with the Will Annexed of MARY A. MASTERTON, Deceased, and Others, Plaintiffs, *v.* CLARENCE F. TODD and Others, Respondents; SMITH LENT, Referee to Sell, Appellant.

*Judgment directing the sale for cash of premises upon which legacies are charged — right of legatees who purchase to have their legacies credited upon the purchase price.*

An interlocutory judgment, entered in an action in which all the persons interested in an estate were parties, adjudged that certain legacies were specific charges upon the premises in question, and directed that such premises be sold for cash; that the costs, disbursements, fees and commissions be deducted, and that the balance be distributed as directed by the final judgment. The premises were accordingly sold and were bid in at the sale for four of the legatees.

*Held,* that, upon an application by all of the interested parties, the Special Term had power to make an order requiring the referee who conducted the sale to file his report of sale to the four legatees, upon the payment to him in cash of a sum sufficient to cover the costs and the expenses of the sale, and to receive as cash the receipts of the four legatees for such portions of their respective legacies as should equal the balance of the purchase price.

APPEAL by Smith Lent, the referee appointed in an interlocutory judgment in the above-entitled action to sell the real estate therein described, from an order of the Supreme Court, made at the Orange County Special Term and entered in the office of the clerk of the county of Westchester on the 27th day of August, 1897, directing him to file his report of sale.

*Smith Lent,* for the appellant.

*W. E. Kisselburgh, Jr.,* for the respondents.

GOODRICH, P. J.:

The record on appeal is somewhat meagre, but the following facts may be gathered therefrom : The parties to the action were all the persons interested in the estate of Mary A. Masterton and Caroline Masterton, both deceased, and they made an agreement to have the present amicable action commenced for the purpose of determining their respective rights. The action was referred, report made and interlocutory judgment entered, which, among other things, adjudged legacies of $1,000 each, due Mary L. Todd, Roberta Todd, Emma R. Todd and Clarence F. Todd, and $2,000 due Laura L. Todd, the mother of the first four named persons, to be specific charges on certain premises on Dixon street, Tarrytown, directed the sale of such property and payment of the costs and disbursements of the plaintiffs' attorney and the guardian of the infant defendants, all to be taxed, and that the referee should deduct his own commissions, fees and expenses of sale, and, after giving the deeds, distribute the proceeds as directed by the final judgment to be entered in the action. The judgment contains a clause, "that said sale be made for cash and that any of the parties hereto may purchase at such sale." The premises were put up for sale under terms of sale which required the payment of ten per cent of the purchase money at the time of the sale and the residue at the time of the delivery of the deed, all the taxes and incumbrances to be allowed by the referee out of the purchase money upon production of proof of payment thereof.

At the sale S. C. Pratt purchased the property for $4,100, but did not pay the ten per cent. His reasons therefor, as stated in the moving affidavits, are that he was the husband of Roberta Pratt (whom I assume to have been formerly Roberta Todd), and that he made the bid as the agent of Marie L. Todd, Emma R. Todd, Clarence F. Todd and Roberta Pratt; that these parties desired to pay and off-set the purchase price of the property with the aggregate amount of their legacies; that the four children intended that the mother, Mrs. Laura L. Todd, should share in part with them the property in question. There was also annexed to the moving papers a letter addressed to the plaintiff's attorney and signed by Laura L., Mary, Roberta and Emma, comprising all the plaintiffs, requesting that the purchase price of the land should be offset against the legacies. Thus it appears that all the persons interested in the premises joined in the application to the Special Term.

The referee, in accordance with the judgment, as he was justified in doing, required the payment of the ten per cent, and refused to execute a deed or make a report of sale until the purchase price was paid in cash. The four children, through their counsel, obtained from one of the justices an order directing the referee to show cause why the sale alleged to have been made to them should not be consummated by the execution of a deed, and a report of sale made in the action. At the hearing at Special Term the referee appeared to oppose the motion, and an order was made directing him to file his report of sale to said four parties, on the payment to him of $410, which sum he was directed to apply towards the expenses of sale and costs when taxed, and that the four parties should deliver to him their receipts for such portions of their respective legacies as the purchase price, less the sum of $410, might equal, and that the referee should receive such receipts as cash. From this order the appeal is taken by the referee.

The judgment shows that the parties making the application are the only persons interested in the premises in question, and that the aggregate amount of the legacies exceeds the amount of the bid; but I find no evidence of the amount of the costs and the expenses of the sale, and it is, therefore, not clear that the $410 will be sufficient to pay these amounts. Assuming that it is sufficient, there seems to be no good reason why the only persons interested should

be compelled to go through the idle ceremony of paying to the referee a sum of money in cash, which, from their condition of life, as shown by the moving papers, they will have great difficulty in doing, and, perhaps, may not be able to do at all. They are the only persons interested in the matter; the object for which the suit was instituted has been accomplished, and the property has been purchased for their common account.

It is true that the judgment requires in form that the payment be made in cash, and it might be the better practice to amend the judgment in accordance with the relief granted by the order of the Special Term, but it would seem that the same purpose was attained by the order that the receipt of the parties be deemed equivalent to cash payments. At any rate the order of the court is the protection of the referee.

The order is so far modified as to require the taxation of the costs and expenses referred to in the judgment, and that, upon the payment thereof to the referee, and the delivery to him of the receipts specified in the order appealed from, he execute the deed to said four children and make his report of sale accordingly.

The order appealed from is affirmed, without costs to either party.

All concurred.

Order modified as indicated in opinion of GOODRICH, P. J., without costs to either party.